IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BARBARA EDWARDS,

                   No. CV 08-390-MO

        Plaintiff,

                   OPINION AND ORDER

    v.

MARQUIS COMPANIES I, INC., an Oregon
corporation, and JUDY HOLZNAGEL,
an individual,

        Defendants.

**Mosman, J.**

      Defendants Marquis Companies I, Inc. and Judy Holznagel filed a Motion to Dismiss (#7)

Plaintiff Barbara Edwards's First Amended Complaint ("FAC") (#5) under Fed. R. Civ. P.

12(b)(6).  Defendants allege (1) the entire FAC fails to comply with Fed. R. Civ. P. 8(a), and (2)

the Eighth Claim for Relief ("Defamation Claim") should be dismissed as a matter of law.  For

the reasons below, I DENY Defendants' motion.


BACKGROUND

      The FAC states eight claims for relief under various statutes and the common law.

Running 25 pages and containing 137 numbered paragraphs, the FAC sets out grounds for

jurisdiction, the parties to the suit, a chronological series of factual allegations, and separately

enumerated claims for relief.  Each claim realleges paragraphs one through 57, which contain the

PAGE 1 - OPINION AND ORDER

general factual allegations and chronology of events.

## STANDARD OF REVIEW

"A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  If the pleader fails "to state a claim for which relief can be granted," the cause of action can be dismissed.  Fed. R. Civ. P. 12(b)(6).  "[A]ll allegations of material fact must be taken as true and construed in the light most favorable to the non-moving party."  *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir. 1987) (citing *W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citation omitted).

## DISCUSSION

I.      Short and Plain Statement of the Claims

Defendants move to dismiss because "plaintiff incorporates allegations that have nothing to do with the elements of the claim."  (Defs.' Mem. in Supp. Mot. to Dismiss (#8) 5.)  The court does not favor dismissing motions on these grounds.  *Chi. Pneumatic Tool Co. v. Ziegler*, 40 F. Supp. 416, 418 (E.D. Pa. 1941). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal is proper only where there is . . . an absence of sufficient facts alleged to support a cognizable legal theory."  *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Despite prolixity, if a complaint

clearly apprises the defendant of the claims, it will not be dismissed. *Kamen Soap Prods. Co. v. Struthers Wells Corp.*, 159 F. Supp. 706, 713 (S.D.N.Y. 1958).

Here, the FAC is neither prolix nor insufficient. Ms. Edwards's allegations concisely describe her work history, list relevant names and dates, describe events pertaining to her claims, and clearly delineate each claim with its associated parties. Far from causing confusion, realleging paragraphs from the "General Factual Allegations" section increases the conciseness and clarity of the FAC, because the reader does not have to sort through duplicative recitations of facts for each claim. The FAC contains a "short and plain" statement of the claims in compliance with Fed. R. Civ. P. 8(a), and is therefore not subject to dismissal under Fed. R. Civ. P. 12(b)(6).

II.    Defamation Claim

Defendants also move to dismiss the Defamation Claim as a matter of law under Rule 12(b)(6): "the statement made by Holznagel is not 'defamatory on its face,' . . . [and] even if the statement was defamatory, it is conditionally privileged." (Mem. in Supp. Mot. to Dismiss (#8) 11.) "In passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true and complete, . . . and other evidence may not be considered." *Williford v. California*, 352 F.2d 474, 475-76 (9th Cir. 1965). While considering a Rule 12(b)(6) motion, a district court does not analyze the likelihood of success on the merits. *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007). As *Bell Atlantic* requires, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965 (citation omitted).

Whether Ms. Holznagel's alleged defamatory statement is an opinion or is conditionally

privileged cannot be determined merely from the face of the complaint.  Ms. Edwards alleges

that Ms. Holznagel stated: "Historically, Bobbie [Ms. Edwards] has had trouble in each building

she has been in with A/R."  (FAC (#5) ¶125.)  She alleges this statement was defamatory and

"completely unsupported by any empirical evidence."  (*Id.*)  Ms. Edwards supports this allegation

by reference to her performance reviews.  (*Id.*)  Ms. Edwards's allegations are based on concrete

events and evidence that raise her "right to relief above the speculative level."  *Bell Atl.*, 127 S.

Ct. at 1965.  The Defamation Claim satisfies the pleading requirements of the Federal Rules of

Civil Procedure and *Bell Atlantic*.


## CONCLUSION

For the above reasons, I DENY Defendants' motion to dismiss.

IT IS SO ORDERED.

DATED this __1st__ day of July 2008.


                              /s/ Michael W. Mosman
                              MICHAEL W. MOSMAN
                              United States District Court